Ok, the next case on the docket is Bickel v. Garner, 5-13-01-06. Mr. Whitney, you haven't moved. In the interest of judicial economy, I've remained standing, Your Honor. Ok. Are you ready to proceed? Ok. You may proceed, Mr. Whitney. May I please the court, again, counsel? In this appeal, Ms. Garner is not asking for her conviction to be overturned, but is simply requesting that she be resentenced, that her current sentence be vacated, and the cause remanded for resentencing. And the reason is that she has shown that the court below committed both errors of law and an error of fact when it sentenced her. The errors of law occurred when the court explicitly found that no factors in mitigation applied to her, when at least two statutory factors plainly applied, and arguably two others applied as well. The error of fact occurred when the court concluded that she was not likely to comply with the terms of probation because she had, quote, never complied with probation, unquote, and, quote, never completed probation, unquote, when the pre-sentence investigation report indicates that she had recently completed task probation in 2010. Well, the factor involved is whether she likely complied with probation. Isn't that what the statute says? That's true. You know, and so your argument is because she complied once, the trial court shouldn't have found that she's not likely to comply with probation because she didn't all the other times. I mean, are we really kind of making a distinction without a difference here? Well, Your Honor, the argument is a little more nuanced than that. It's the fact that the conclusion was based on an error of fact. It's not that the court possibly could have come up with the same conclusion had it not been error of fact. I understand that. She did have a long record of failure to comply with probation and parole. But more recently, she had. It just seems like if somebody at that point would have said, Judge, wait a minute, she did comply once, he would have said, I still find that she's not likely to comply with the terms of probation because of all these other times she didn't. But, Your Honor, that's exactly why we're asking for the case, or one of the reasons why we're asking the case to be remanded, for the court to then decide, well, had I correctly given due notice and due consideration to this recent success at probation, would I have changed my mind? Would it have made a difference? And that's done in other cases where the purpose is, well, let's let the court reconsider the sentence given the correct information. More serious, however, and I think something that more strongly compels reversal here are the errors of law, where it's not, this is not a case where the court just said, you know, the usual recitation of law, consider the factors in aggravation, mitigation, and having given due consideration to the cost of incarceration, here's my decision. This is a case where the court said explicitly on the record, there are no factors of mitigation here. But didn't he subsequently say that he recognized that she had been doing better? With respect to her dealing with her drug problem. Which would have been a factor in mitigation. Well, not with respect to these factors of mitigation. And I'm not even offhand. Are we nuancing again? I'm sorry? Are we nuancing again? Well, actually, no. I don't think this is that nuanced. Because I'm not sure what statutory factor that would go to that is certainly within the court's discretion to consider whether someone's trying to make a better life for themselves, trying to overcome a problem. But the statutory factors that the court is required to consider include one and two in the statute, that the criminal conduct neither caused nor threatened serious physical harm to another. And the defendant did not contemplate that the criminal conduct were caused or threatened serious physical harm to another. For the court to simply announce nothing applies, there's no mitigation factors here, flies in the face of the reality here. The underlying conviction was simple possession of, what was it, five grams or less than five grams of methamphetamine. Okay. Let me just stop you there and ask you a question. I want to hear what you have to say about this. However, that charge of possession arose out of her being in a traffic crash. Okay. And then the officer found the drugs. I mean, could the court consider the fact that she was involved in an accident as possibly causing harm? Well, the record does reflect that ultimately that charge was dismissed. Or, no, I take that back. She was found not guilty. She was acquitted. Of the driving under influence. Yes. She was acquitted of that charge. Right. And secondly, my position is that the fact of possession is all she was convicted of. The fact of possession has nothing to do with what happened before or nothing to do with the traffic crash. Wax defines possession as the mere fact of having or holding property in one's power or the exercise of dominion over that property. It's not even an act at all. It is a factual circumstance, is what she was convicted of. It's a kind of strict liability thing if you're found it. It doesn't require any action. So necessarily, as a matter of law and common sense, that cannot possibly cause physical harm to another person. You know, if she had injected it in someone else or thrown it at someone or whatever. But that's not what she was convicted of. Well, let's suppose that she had simple possession of some drugs in her purse and she also had a loaded gun in her purse when they found it. And she was never charged with a loaded gun or anything for whatever reason. Could the court at sentencing consider the fact that she had a loaded gun in close proximity to the drugs on those factors? Well, are you saying that she was charged with unlawful possession of a firearm? No, I'm saying for whatever reason, she's never charged with that. The only thing she's convicted of is simple possession of drugs. I get it. But that's part of the transaction which led to her arrest, her criminal conduct. Again, I would say no because you have to look at the – and this was in the Cooper case – is you have to look at the conduct for which the defendant was convicted. And looking at that alone, possession, simple possession, can never cause or threaten physical harm to another. Basically, I'm arguing for a per se rule here. Okay, and let's say you'd say the same would be true if she was originally charged with a bunch of other charges and maybe they were dismissed for a plea agreement or something. Then the court, in sentencing on a probation revocation, could only go back to what she pled guilty to and consider that. Yes, I would say so, Your Honor, unless it falls into the exception that Cooper recognized where post-conviction conduct can be weighed when it's considering things like the likelihood of committing another offense and that sort of thing, whether that factored mitigation. But with respect to these two factors of mitigation, the court has to analyze it from what the underlying conviction is. And I suppose the other thing is, you know, considering that there were other criminal charges for the traffic offense, going back to her hypothetical of the person that's charging the other things, will they be sentenced appropriately in those cases if they're convicted? The court has to look at what the conduct the defendant is convicted of in weighing these factors of mitigation or aggravation. And I think clearly that's the error of the law. And because it's an error of the law, this court is to look at it de novo and ask yourself, well, is this appropriate to say, well, absolutely no factors of mitigation apply. Given that I think it's a clear error of the law, I think it has to go back to the court below. Again, not challenging the conviction. The court may end up coming to the exact same conclusion, but let's at least do the sentencing hearing right and consider the actual facts and the actual principle of law. These factors of mitigation, it's very clear that this is a mandatory authority. The court has to consider the statutory factors of mitigation. Also, as I noted briefly in the opening argument, the plea of guilty itself is a relevant mitigating factor that the court should have taken notice of. This defendant pled guilty both to the underlying offense and almost immediately pled guilty to the conduct that caused her probation to be revoked. So for these reasons, Your Honor, if there are no further questions, we ask that, again, the sentence be vacated and the cost remitted for resentencing, taking into account both the error of fact and error of law and correcting it. Thank you. Thank you. Your Honor's counsel, this is, as the sentencing judge commented, a sad case. This woman, this defendant, her involvement with the juvenile record began at the age of 11, and she had really neglectful parents, but nonetheless, it was burglary at 11, stealing a car at age 13. She just had a really rough start, but nonetheless, she was also given many, many opportunities at probation, and the record shows that she never successfully completed probation. She may have, and the court recognized, complete and task had given a report that she had completed 340 days of treatment and residential placement and therapy, and as the court noted, she had gone 18 months without a problem. She had done really well, had only had one dirty drop. The court was explicit about that and said that he considered that in mitigation, but task itself is a condition of probation. It may not have been all of the conditions of probation, and the record is a little bit fuzzy. I mean, her criminal history is a little bit fuzzy on this. There's some indication that that wasn't even a term of probation. Is that right, or what's the state's position on that? It's ambiguous. In the cases it mentions, at least in this case, the incident case, she pled guilty to possession of a substance containing methamphetamine, and she acknowledged that she was subject to an extended term, and the state agreed to a cap of five years, and then by the time sentencing came along, the state had been persuaded to recommend 30 months of felony probation due to the fact that she had completed task at this time. That's in the record. All we know is that she did complete treatment under a task program. We know that, and the judge found that in mitigation and explicitly said he was giving her credit in mitigation against the sentencing determination for that. But as far as ever successfully completing probation, that is not shown in the record. What about the comment by the judge, even though there are statements later that he seemed to give her credit? What about the opening comments that there are no factors in mitigation? Right. He's looking at, in context, the judge is obviously looking at the statutory factors in mitigation and aggravation, and those, of course, are not exclusive, and the court can consider a whole lot broader area of aggravation and mitigation than just merely the statutory factors, but the court found that there were no statutory mitigating factors. And what about Mr. Whitney's per se pardon? Just because you have to find these two, the conduct did not cause harm, she didn't contemplate the harm that would be caused. But there's a per se rule out there. That per se rules are unworkable because the court has to consider the circumstances. Simple possession of methamphetamine on a spoon in the presence of, say, her minor grandchild, which is not in the facts, but this is for an example, that certainly would contemplate that it would cause harm to another person and could have caused harm. Could the court consider? Simple possession in the presence of a recent drug deal, where there are guns present, simple possession in that circumstance is not amenable to a per se rule. What about the traffic crash? See, my argument is the court had to consider the circumstances of the possession. And the circumstances of the possession were that she had the drug in the context of a traffic accident, and she was charged with driving under the influence of drugs. And she was acquitted of that charge somehow. Right. But nonetheless, she possessed it in the circumstance of a traffic accident. And that's my question. I mean, can the court consider that as causing harm and contemplating possibly causing harm? I don't know. Maybe perhaps she was fiddling with her syringe that she had in there, in her purse, in her spoon that had the methamphetamine residue on it or the substance containing that. It's the context that she possessed it while driving. And this court can find that it's not an abuse of discretion to, in this circumstance, and considering the circumstance, that this factor, this statutory mitigating factor is not present. But nonetheless, the court did find other factors in mitigation. And there is no indication that the court was incorrect when the court said that she had never successfully completed a term of probation, and she also admitted in open court that she had never successfully completed probation. The court specifically considered the amended PSI and commented on the record that he had considered it and read it and studied it the night before. Excuse me. Is that motion still pending to supplement the record with the second PSI? What? There was a motion. I have a note that there was a motion pending to take with the case to supplement the record with the certified copy of the second updated PSI. Do you know if that's in the record? It is in the record. Yeah, I thought that was granted. Okay. Just check. Yeah, the original and the amended are both before this court. Okay. And it would properly be so because the court specifically considered that amended PSI in making its decision. Now, the last thing that the defendant complains about is that the court did not specifically consider in mitigation that the defendant pled guilty to the underlying offense. The answer to that is the court is not required to set out in its order every factor that it considers. And so in the fact that the court did not set this out does not mean that the court did not consider it. But hypothetically, if the court made the statements that it did, that it found no factors in mitigation, number one and two, is that error? Without anything else? It would be error if the court said, I refuse to consider these statutory factors in mitigation. That would be error if the court said, I refuse to consider the thing that I'm statutorily required to consider. The court did not do that. The court said, I find no factors in mitigation. And that is not a reversible error. You might argue that the court could have found it in that it's an abuse of discretion for the court not to find it. But on the other hand, the court did consider the factors but found that they weren't present. And that's a different thing. And was it an abuse of discretion for the court to determine, as it did, that those factors were not present? Well, a sentence is not reversible because of one comment or two comments by a judge. The sentence has to be looked at in context of the whole sentence. The whole, not just a comment. And so for that reason, yes, it's controversial. Thank you. Thank you, Your Honors. I'd like to try to address Justice Stewart's concern about the surrounding circumstances of the conviction for the mere possession of the methamphetamine. I would argue two things. One, the court could not have considered those circumstances where the defendant, in fact, was acquitted of those charges, which is the case here. And two, I think we also have to look at the factual basis for the original plea. I think the court could have considered that, but there was nothing in the factual basis when she pled guilty to the possession that said anything about, well, this caused the traffic accident. So looking at the record as presented, looking at the record as properly considered by the trial court, which this court now sits in trial court's shoes looking at it de novo, I don't think that the court can consider those surrounding circumstances, at least not in the facts of this case. It's, you know, right now I'm possessing a pen, okay? If possessing a pen was illegal, I cannot possibly be harming someone with it. If I was accused and there was some record showing I threatened someone with a pen or I was writing while driving and doing distracted driving or something like that, okay, then you might have something saying that, well, maybe there was no, strictly speaking, mitigating factor. But looking at the surrounding circumstances, I find that... But what about a spoon with methamphetamine? A pen is legal. Right. The spoon, there's only one use for a spoon with methamphetamine, isn't there? Maybe I don't really know. Well, but again, she wasn't... No, but it's illegal. It is illegal. When you use it, it causes harm. Right, but she wasn't convicted of using it. One of the factors is whether you contemplate harm. Physical harm to another. Which could be yourself if you're using drugs. I don't believe harm to another includes yourself. And, I mean, another means another. So she either has to be using it herself, right? Well, I think that's making a leap. Again, the actual conviction is just the act of possession. Well, I'm just going on your pen theory. Okay. There's nothing illegal about my pen, but there is something illegal about a spoon and methamphetamine, and the only thing that that can do is cause harm if ingested. If you ingest it, yes. What else would you be holding it for? Not to write. Well, if you really want me to speculate, I can, but I don't think that's... No, it's the fact that you possess an illegal drug, and some people believe that illegal drugs cause harm. Absolutely. If ingested, it causes harm to yourself. The mitigating factor, and I think what's driving this, is whether there was harm to the larger society. If you're only harming yourself, you're not harming another. You're only harming yourself. I think we have to read this. The plain language of the statute is harm to another. You can't possibly cause harm to another if you have some methamphetamine in your purse, and for that reason, I think it does rise to the level of a cursed head rule, and I did cite in the reply brief, by way of comparison of the McCain case, where the court held that those factors of mitigation do not apply where the offense is possession with intent to deliver, because in that case, the added step is there. It's in the offense. You don't have that here, and I think reading what the implication of the McCain case was, it would be that if it's just simple possession, it can't possibly be causing physical harm to another. What about the state's argument of context? Can your reading of the court's sentence in context destroy your purse-saying rule? Not when the court explicitly declared with no ifs, ands, or buts about it, there are no mitigating factors applicable to this defendant. It was an absolute categorical no, not there. It wasn't, well, you know, I've weighed it, and I don't think they really apply. It was just a sweeping categorical statement. On those facts, I think, yeah, I think the purse-say rule applies. It's just common sense. Simple possession cannot possibly cause physical harm to another. With respect to the probation, task probation issue, it is a mystery. We don't know what Judge Campanella did in Perry County. I offered some possible explanations for reply brief, but you can't get task probation without being convicted first. You can't complete a program unless you're on probation. Okay. Thank you very much. Thank you, Your Honor. Okay. This matter will be taken under advisement and order issued in due course. Thank you both for your arguments.